**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SHERIFF KELLEY MARTINEZ, et al.,,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:23-cv-02024-JES-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1–2.

**I.　　Motion to Proceed in Forma Pauperis**

Petitioner has not provided the Court with sufficient information to determine Petitioner's current financial status. While Petitioner has included a prison certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution, the certificate is from October of 2021. ECF No. 2 at 3–4. Petitioner is required to provide the Court with a trust account statement for the six-month period prior to filing his habeas corpus petition. *See* 28 U.S.C. § 1915(a);

*Ballesteros v. Noll*, No. 09-cv-5034 VRW (PR), 2009 WL 5180140, at *1 (N.D. Cal. Dec. 21, 2009). Because Petitioner has not provided the Court with the required Prison Certificate, his motion to proceed in forma pauperis is **DENIED**.

## II.   Petitioner Has Failed to Allege Exhaustion of his State Judicial Remedies

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366. Petitioner has not indicated he has raised his claims in the California Supreme Court.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### III.   Conclusion

Accordingly, the Court **DENIES** the request to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend. To have the case reopened, Petitioner must, no later than **January 22, 2024**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee or adequate proof that Petitioner cannot pay the $5.00 filing fee; and (2) a First Amended Petition that cures the pleading deficiencies outlined in this Order. *For Petitioner's convenience, the Clerk of Court shall provide Petitioner with a blank In Forma Pauperis application form and a blank First Amended Petition form.*

**IT IS SO ORDERED.**

Dated:  November 28, 2023

Honorable James E. Simmons Jr.
United States District Judge