UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>  Plaintiff,<br><br>v.<br><br>SHERIFF KELLEY MARTINEZ,<br><br>  Defendant. | Case No.:  23-cv-2024-JES-KSC<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION TO DISMISS [Doc. No. 12]; PLAINTIFF'S EX PARTE CLAIM OF RETALIATION [Doc. No. 19]; and PLAINTIFF'S MOTION TO STRIKE [Doc. No. 20]. ORDER RE PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [Doc. No. 18].** |

**(I)   Introduction**

Petitioner Pedro Rodriguez seeks a writ of habeas corpus. Doc. No. 1. The District Court previously dismissed the Petition, but petitioner, on his Motion, later obtained leave to amend. Doc. Nos. 3-6. Petitioner filed an amended Petition, which respondent moved to dismiss. Doc. Nos. 8, 12. Although the Court granted petitioner extra time to file a response [Doc. No. 17], petitioner never opposed the Motion to Dismiss. Instead, petitioner filed a Request for Judicial Notice ("the RJN"), an Ex Parte Claim of Retaliation ("the Ex Parte"), and a Motion to Strike. Doc. Nos. 18, 19, 20. Respondent filed no response to either the

RJN, the Ex Parte, or the Motion to Strike. The Court now issues the following Order and Report and Recommendation to the assigned District Judge.

### (II)   Petitioner's Request for Judicial Notice

Petitioner requested judicial notice of an informal response filed by the Attorney General of California in an unrelated state court habeas corpus proceeding. Doc. No. 18. The request is **GRANTED** because respondent did not oppose it. *See* Civ. L.R. 7.1.f.3.c.

### (III)   Petitioner's "Ex Parte Claim of Retaliation"

On July 8, 2024, petitioner filed the Ex Parte at issue. Doc. No. 19. Insofar as the Court can interpret the filing, it appears petitioner claims he is being retaliated against for engaging in various forms of protected activity, such as filing court petitions and availing himself of prison grievance procedures. *See generally* Doc. No. 19. Because the events appear to have occurred *after* petitioner's conviction, the Court construes the Ex Parte as a request for filing a supplemental or amended pleading pursuant to Federal Rule of Civil Procedure 15. Although leave to amend is liberally granted as a rule, pleadings should not be amended or supplemented when a new filing would be futile. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991). Lawsuits challenging the conditions of confinement, as opposed to the confinement itself, must be brought under 28 U.S.C. § 1983, not via habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016).

Here, the gravamen of petitioner's complaint is that his legal mail is being held hostage in a shed where he cannot access it, which he attributes to retaliation for his decision to engage in various forms of protected activity. *See generally* Doc. No. 19. He claims the withholding of his mail impedes his ability litigate various legal actions, in particular a state court resentencing petition. *See id.* These claims relate to the conditions of his present confinement, not to the constitutionality of the judgment against him. Accordingly, they may not be brought as a habeas action. They may be raised, if at all, as claims under section 1983, so amending or supplementing the present Petition would be futile. The Ex Parte should therefore be **DENIED**.

### **(IV)   Respondent's Motion to Dismiss**

Respondent moved to dismiss the Petition in its entirety on the basis that it does not state a claim for relief cognizable on writ of habeas corpus. *See generally* Doc. No. 12. A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In the context of habeas corpus, a petitioner must allege his confinement is unconstitutional, and he is therefore entitled to be released from prison. *See* 28 U.S.C. § 2254(a); *Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016). Constitutional claims that would, even if successful, not entitle the petitioner to release are not cognizable habeas claims, and can only be raised, if at all, under 28 U.S.C. § 1983. *See Nettles*, 830 F.3d at 933-34.

The gist of the operative Petition is that petitioner lost 20 days of custody credits because of unconstitutional disciplinary proceedings that (a) lacked due process in violation of the Fourteenth Amendment and/or (b) amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See* Doc. No. 8-1 at 4. Respondent contends this is simply false—and the Petition must therefore be dismissed—because the allegedly unconstitutional disciplinary proceedings resulted in only 15 days of administrative separation, rather than the loss of any custody credits. Doc. No. 12-1 at 6.

Although the Petition includes many documents related to the disciplinary proceedings at issue, petitioner did not include the documents from his disciplinary proceedings that show the nature of the discipline he received. Respondent has lodged them. Doc. No. 13. Ordinarily, the Court does not consider documents outside the pleadings when resolving a motion to dismiss. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). But documents incorporated-by-reference into a pleading are part of the pleading. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The doctrine prevents [litigants] from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Id.*

Here, petitioner makes extensive reference to the incidents that led to his discipline, and which can be identified by incident numbers 234016099, 234022687, and 234025913. *See, e.g.*, Doc. No. 8-1 at 6-7, 9, 29-32; Doc. No. 8-2 at 9-12, 16-21, 23-26, 41-42. Respondent's lodgment includes documents from the disciplinary proceedings related to these same incidents that show the discipline imposed. *See generally* Doc. No. 13. Specifically, for incident number 234016099, petitioner received 5 days of administrative separation. Doc. No. 13-1 at 7. For incident number 23402687, petitioner received 10 days of administrative separation. Doc. No. 13-2 at 7. For incident number 234025913, no hearing was conducted and no discipline was imposed. Doc. No. 13-3 at 2. The Court concludes petitioner omitted the documents that would have doomed his claim to plead around the facts that make his case subject to dismissal, and petitioner has therefore implicitly incorporated-by-reference the documents lodged by respondent. Having reviewed the documents, the Court concludes the Petition does not state a habeas claim because the record establishes that none of the disciplinary proceedings imposed consequences having any effect on the duration of petitioner's confinement. The Petition should be **dismissed without leave to amend** because there is no conceivable way petitioner could cure this fatal defect in the pleadings.

### **(V)   Petitioner's Motion to Strike**

Petitioner moves to strike the declaration of sergeant Luis Gomez [Doc. No. 16-1] on the basis that it is false and thereby constitutes a "fraud on the court." Doc. No. 20. The declaration in question was filed in response to the Court's order, which directed respondent to file a response to an earlier ex parte application filed by petitioner. *See* Doc. Nos. 15, 16. The Court construed petitioner's ex parte as a request for more time to respond to the pending Motion to Dismiss, and, having heard from respondent, granted petitioner more time. Doc. No. 17. Having granted petitioner relief on the ex parte application to extend time, the Motion to Strike the declaration should be **denied as moot** or, in the alternative, **denied** on the merits because petitioner offers nothing other than rank speculation that a "fraud on the court" has been committed.

### (VI)  Conclusion

Petitioner's request for judicial notice is **GRANTED**. The Court recommends the District Judge issue an Order **DENYING** the Ex Parte (which is in substance a motion for leave to amend and file a supplemental pleading); **DENYING** the Motion to Strike; and **DISMISSING** the Petition without leave to amend.

Any party may file an Objection to this Report and Recommendation and Order by **September 25, 2024**. Responses to any objections shall be filed no later than **October 9, 2024**.

Dated: August 26, 2024

Hon. Karen S. Crawford
United States Magistrate Judge