UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>SHERIFF KELLEY MARTINEZ and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　　Respondents. | Case No.: 3:23-cv-02024-JES-KSC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**[ECF Nos. 12, 18, 19, 20, 21]** |

United States Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("R&R") in this case on August 26, 2024. ECF No. 21. Judge Crawford recommended that this Court deny Petitioner's Ex Parte Claim of Retaliation and Motion to Strike, ECF Nos. 19, 20, and grant Respondents' Motion to Dismiss, ECF No. 12.[1]

---

[1] Petitioner also requested judicial notice of an informal response filed by the Attorney General of California in an unrelated state court habeas proceeding, ECF No. 18, which Judge Crawford granted, ECF No. 21 at 2. Petitioner attached the informal response to his objections. ECF No. 26 at 9-27.

1

Petitioner timely filed objections to the R&R. ECF No. 26. This matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed report and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Petitioner, without addressing the findings or legal analyses, generally objects to each of Judge Crawford's findings in the R&R. *See* ECF No. 26. The Court addresses each objection in turn.

First, Petitioner objects to Judge Crawford's recommendation that his Ex Parte Claim for Retaliation ("Ex Parte")[2] should be denied. *Id.* at 2-4. Petitioner alleges interference with his legal mail and work product, which he attributes to retaliation for engaging in various forms of protected activity. *See* ECF No. 19. The withholding of his mail, Petitioner alleges, impedes his ability to litigate various legal actions. *Id.* These claims, however, challenge the conditions of Petitioner's present confinement, not the validity of judgment against him. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief

---

[2] Judge Crawford construed Petitioner's Ex Parte as a request for filing a supplemental or amended pleading pursuant to Federal Rule of Civil Procedure 15. ECF No. 21 at 5.

turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). Habeas corpus and civil rights are mutually exclusive remedies. *Nettles v. Grounds*, 830 F.3d. 922, 927 (9th Cir. 2016) (en banc). A Section 1983 action is the "exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus" and, consequently, "habeas is available only for state prisoner claims that lie at the core of habeas." *Id.* at 927, 930. A claim lies within the core of habeas only if success would "necessarily lead to immediate or speedier release." *Id.* at 934. Thus, to be cognizable in habeas, a claim must necessarily accelerate release from confinement if the claim were to succeed. *See id.* at 934-35.

Here, the success of Petitioner's interference claims has no effect on his release from custody. Thus, because Petitioner's claims relate to the conditions of his present confinement, and not the constitutionality of the judgment against him, he may not bring these claims in a habeas action. If Petitioner wishes to pursue these claims, he may do so in a separate action under 28 U.S.C. § 1983.

Petitioner next objects to Judge Crawford's recommendation that Respondents' motion to dismiss, ECF No. 12, should be granted and that his Amended Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 8, should be dismissed without leave to amend. ECF No. 26 at 4. In this general objection, Petitioner reiterates his interference claims alleged in the Ex Parte. *See* ECF No. 26 at 4 ("Petitioner objects to [the] characterization [that] it is the prisoner Plaintiff withholding documentation and not the sheriffs…"). Nonetheless, the Court agrees with Judge Crawford's assessment that the Amended Petition should be dismissed in full without leave to amend. In the Amended Petition, Petitioner alleges that he lost 20 days of custody credits because of unconstitutional disciplinary proceedings that (a) lacked due process in violation of the Fourteenth Amendment and/or (b) amounted to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 8-1 at 4. As outlined in the R&R, the record establishes that none of these disciplinary proceedings imposed consequences having any effect on the

duration of Petitioner's confinement. *See* ECF No. 21 at 3-4. Consequently, Petitioner fails to state a cognizable habeas claim, and thus his Amended Petition must be dismissed.[3]

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Judge Crawford's Report and Recommendation, ECF No. 21, in full. Accordingly, the Court **DENIES** Petitioner's Ex Parte Claim for Retaliation, ECF No. 19, and **DENIES** his Motion to Strike, ECF No. 20. The Court **GRANTS** Respondents' Motion to Dismiss, ECF No. 12, and **DISMISSES** the Amended Petition without leave to amend. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: January 6, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

[3] Petitioner also generally objects to Judge Crawford's recommendation to deny his Motion to Strike, ECF No. 20, as moot, or alternatively, on the merits. ECF No. 26 at 5. In this motion, Petitioner moves to strike the declaration of sergeant Luis Gomez, alleging that it is false and therefore constitutes fraud. ECF No. 20. Upon review of the record, the R&R, and Petitioner's objections, the Court finds that the motion fails to establish that the declaration is false, and instead, only offers mere speculation of fraud.